

# MEMORANDUM ENDORSED

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Marilyn Richter**
Tel. (212) 356-2083
mrichter@law.nyc.gov

June 9, 2023

Magistrate Judge Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y.   10007

    Re:  *Mondano v. Banks*
        23 -cv-3907(GHW)(GWG)

Your Honor:

    I represent the Defendants in the above-subject case.  There is an initial pretrial conference scheduled before you in this matter on June 13, 2023.  Defendants filed their answer on June 2, 2023 (ECF NO. 10) and set forth therein (paragraphs 107-114) that there is another earlier-filed case in the S.D.N.Y. brought by the same Plaintiffs, represented by the same law firm, against the same Defendants, challenging the same administrative determination.  That case is *Mondano v. Banks*, 22-cv-7519(JPC) ("Mondano I").  It is before Judge Cronan and the parties' cross-motions for summary judgment in that case will be fully submitted at the time of the June 13 conference in this case.

    There are two periods of time for which payment is sought in both cases – part of the 2021-2022 school year and the entire 2022-2023 school year.  The legal theories upon which relief is sought for the part of the 2021-2022 school year differ in *Mondano I* and this case as does the amount of money sought (and based on the pleadings is larger in this case).  For the 2022-2023 school year, the legal theory and the relief sought are the same.

    It is Defendants' position that this case should either be dismissed or transferred to Judge Cronan, either as a related case or to be consolidated with Mondano I.  We would like to discuss this issue at the conference on Tuesday.  Thank you for this consideration.

        Sincerely yours,

        _/s/_____
        Marilyn Richter
        Assistant Corporation Counsel

The motion to consolidate is denied.  The referenced case, 22 Civ. 7519, is pending before another district judge and thus cannot be consolidated with the instant case.  See N.G. v. New York City Dept. of Educ., 2022 WL 17986202 (S.D.N.Y. Dec. 29, 2022) ("[t]his Court cannot order the consolidation of cases that are pending on other judges' dockets").  While the Court assumes the parties are familiar with the local rules, we nonetheless note that the procedure for arranging for an allegedly related case to be assigned to a district judge providing over another case is set forth in Rule 13 of the SDNY Rules for the Division of Business Among District Judges.  Rule 13(b)(3) provides that where a plaintiff does not designate a case as related, as was apparently the case here, "[a] party other than the one filing a case" is free to seek a finding of relatedness by advising the judge assigned to the case with the higher docket number of the case's relatedness to the case with the lower docket number, and then requesting a transfer of the case with the higher docket number to the judge presiding over the case with the lower docket number.  Defendants are free to make such an application to Judge Woods at any time.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

June 12, 2023